**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5575

KEVENT WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-94-532)

Argued: May 10, 1996

Decided: July 11, 1996

Before WILKINSON, Chief Judge, and HALL and ERVIN,
Circuit Judges.

_____

Affirmed in part and reversed and remanded in part by published
opinion. Judge Ervin wrote the opinion, in which Chief Judge Wilkin-
son and Judge Hall joined.

_____

**COUNSEL**

**ARGUED:** Lionel Stukes Lofton, LAW OFFICES OF LIONEL S.
LOFTON, Charleston, South Carolina, for Appellant. Matthew R.
Hubbell, Assistant United States Attorney, Charleston, South Caro-
lina, for Appellee. **ON BRIEF:** Margaret B. Seymour, United States
Attorney, Charleston, South Carolina, for Appellee.

_____

**OPINION**

ERVIN, Circuit Judge:

Kevent Williams was charged with aggravated sexual abuse and sexual abuse of a person who was physically incapable of declining participation [hereinafter "sexual abuse"], and was convicted following a jury trial. He now appeals two rulings of the district court. We affirm the district court's decision to admit Williams's statements, but we find that it was error to allow the sexual abuse charge to be submitted to the jury. Therefore, we vacate that conviction and remand for resentencing.

I.

District court jurisdiction for this federal criminal prosecution was based on 18 U.S.C. §§ 2241(a)(1), 2242(2)(B), and 3231. Williams was sentenced by the district court on June 21, 1995, and timely filed his notice of appeal on June 27, 1995. Fourth Circuit jurisdiction thus lies under 28 U.S.C. § 1291.

On December 31, 1993, Williams and Felicita Guerrero were members of the Merchant Marines stationed on board the Saturn, which was then in Rota, Spain. Williams and Guerrero, along with other crew members, spent the evening drinking in town. After having four to six rum drinks, Guerrero returned to the ship about 2:30 or 3:00 a.m. Sometime after this, Guerrero awakened and Williams was in her cabin; she testified that he pulled off her underpants, forcibly opened her legs, and had sexual intercourse with her. Guerrero reported the incident later on the morning of January 1. A medical examination revealed symptoms consistent with both sexual assault and consensual sex.

The grand jury charged Williams with aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(1), and sexual abuse, in violation of 18 U.S.C. § 2242(2)(B). At the jury trial held on November 17, 1994, Naval Investigative Service Agent Philip Cox testified that he interviewed Williams on January 1 and 2, and he read Williams's statements (which were unquestionably voluntary) to the jury. In his first

2

statement, Williams claimed that Guerrero had willingly invited him to her room and had sex with him, and that he did not pull her underwear off because she was not wearing any. In his second interview, Williams admitted that Guerrero had not invited him in, and that he pulled her underpants off and pushed her legs apart. He said that he was sorry about the incident and blamed it on the alcohol he had consumed that night. Guerrero's written statement and both of Williams's written statements were admitted into evidence; Williams objected only to admission of his statements.

At the close of the evidence and prior to submission to the jury, Williams made a motion to require the government to elect between the two counts of the indictment; the district court denied this motion, and the jury convicted Williams of both counts. On June 21, 1995, the court sentenced Williams to 108 months' incarceration on each count, with the sentences to run concurrently.

II.

Williams first argues that the district court erred in admitting his written statements, claiming that the prejudice they caused outweighed their probative value, contrary to Federal Rule of Evidence 403. Under this rule, district courts may exclude otherwise relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." However, a decision under Rule 403 is committed to the discretion of the trial court, whose judgment will not be disturbed absent an arbitrary or irrational exercise of that discretion. United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990); Garraghty v. Jordan, 830 F.2d 1295, 1298 (4th Cir. 1987).

We do not believe that the district court abused its discretion in admitting the statements.

III.

Williams next argues that the district court should have forced the Government to elect between the first and second counts of his indict-

3

ment before submitting the case to the jury. He contends that the guilty verdicts on both counts are contradictory:"If the jury found that force was used to accomplish the sexual act then it would be completely contradictory for them to find that the alleged victim was incapacitated at the time of the sexual act," and vice versa.**1**

Section 2241 sets forth criminal penalties for one who commits, "in the special maritime and territorial jurisdiction of the United States," aggravated sexual abuse, defined as "knowingly caus[ing] another person to engage in a sexual act-- (1) by using force against that other person . . . ." 18 U.S.C.A. § 2241(a)(1) (Supp. 1996). Sexual abuse includes "engag[ing] in a sexual act with another person if that other person is . . . physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." Id. § 2242(2)(B) (Supp. 1996). "Sexual act" is defined as "contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, [sic] slight." Id . at § 2246(2)(A) (Supp. 1996).

There are a number of ways that a defendant might be guilty of both aggravated sexual abuse under § 2241 and sexual abuse under § 2242(2)(B).**2** The assailant may use force on a victim who is physi-

_____

**1** We note that the United States argues that Williams failed to object to the indictment before trial, and has therefore waived his right to challenge it. Under Federal Rule of Criminal Procedure 12(b)(2), "objections based on defects in the indictment" (other than jurisdictional issues) "must be raised prior to trial." Failure to raise these objections "shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." Fed. R. Crim. P. 12(f). We will grant relief from this waiver because, as explained infra, the two counts are not ineluctably contradictory. The district court would have been under no compulsion to grant such a motion before trial, for we find only that the evidence presented at trial was insufficient to support both counts, and this defect would not have been apparent before trial.

**2** The case of United States v. Bethea, on which Williams relies, does not control. There, the Fourth Circuit overturned convictions for a defendant's failure to keep the draft board informed of his current address, and failure to report for military induction and examination. 483 F.2d 1024, 1031 (4th Cir. 1973). The court found that if the defendant had failed to

4

cally incapable of declining participation. Because rape is a crime of power and violence, a rapist may use force--even when it is unnecessary--as part of his desire to control his victim. Or, at the beginning of an assault a victim may be incapable of declining participation, but may later struggle, resulting in the assailant's use of force to complete the assault. That these two charges are not contradictory as a matter of law does not end our inquiry in this case, however.

We find that the evidence presented at trial was insufficient to support a conviction under § 2242(2)(B).[3] Felicita Guerrero's uncontradicted testimony established that she awoke to find Williams in her room. When he tried to pull her underpants off, she pulled them back on. She attempted to close her legs after he forced them open. Even if at some point before this assault Guerrero would have been physically incapable of declining participation because she was either intoxicated or asleep, penetration--which is the sine qua non of a sexual act as defined under the federal scheme--did not occur until after she had communicated her desire not to have sexual intercourse with Williams. The evidence negates the possibility that Guerrero was "physically incapable of declining participation in, or communicating unwillingness to engage in" a sexual act with Williams. The fact that

_____

notify the board of his actual address, then he could not have received his draft notice, and therefore could not be guilty of failing to report. The court reversed the convictions on all counts and remanded for a new trial, in which the government would have the opportunity to prove that the defendant received actual notice of his obligation to report despite his failure to keep the board informed of his address. Id. The Bethea case is only relevant if the charges are facially inconsistent, and we find that the charges in this case are not.

**3** The essence of Williams's complaint is that the evidence does not support both of these charges, although it could support one or the other. Williams, however, has chosen to frame his objection inappropriately; because the two crimes are not inherently contradictory, there was no need to require the government to elect between them. Instead, Williams should have made a Rule 29 motion for a judgment of acquittal on one of the charges. In the interest of giving Williams every benefit of the doubt, we will construe his motion to force an election as a motion for a judgment of acquittal, because in substance, Williams asked that the jury not be allowed to consider both counts.

5

she was unsuccessful in fending off Williams does not mean that she was physically incapable of expressing her desire not to participate in sexual activity with him. We find that the evidence presented at trial was insufficient to support Williams's conviction under 18 U.S.C.A. § 2242(2)(B). Therefore, we vacate this conviction.

The guilty verdict on the charge of aggravated sexual assault under § 2241 is amply supported by the record. Therefore, we affirm that conviction.

IV.

The district court did not abuse its discretion by admitting Williams's written statements. However, the guilty verdict on the charge of sexual abuse under § 2242(2)(B) was supported by no evidence, and therefore must be vacated. Although we affirm the judgment of guilty on the charge of aggravated sexual abuse under § 2241, the case is remanded for resentencing.[4]

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART

_____

[4] Even though the district court specified that the sentences on both counts were to run concurrently, we believe it is appropriate to remand for resentencing to allow the district court to reconsider the adjustments and specific offense characteristics in light of this opinion.

6