UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MUJAHID NASIRUDDIN, a/k/a John
Crooks,
Defendant-Appellant.

No. 98-4020

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Richard L. Williams, Senior District Judge.
(CR-97-223-A)

Submitted: August 4, 1998

Decided: August 25, 1998

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark D. Kielsgard, Tamara Crouch, KIELSGARD & CROUCH,
P.C., Fairfax, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Thomas G. Connolly, Assistant United States Attorney,
Robert A. Spencer, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mujahid Nasiruddin appeals his conviction after a jury trial and sentence for aggravated sexual abuse, in violation of 18 U.S.C.A. § 2241 (West Supp. 1998), for his rape of a fifty-four-year-old mentally retarded woman on the grounds of Fort Belvoir, Virginia. On appeal, Nasiruddin alleges that the district court erred when it: refused to instruct the jury on the offense of sexual abuse as a lesser included offense of aggravated sexual abuse, gave him a sentencing enhancement based upon his perjury at trial, denied his request for materials concerning the victim's medical and psychological history, and allegedly limited his cross-examination of the victim. Finding no error, we affirm.

At his trial, Nasiruddin asked the court to instruct the jury on sexual abuse, 18 U.S.C.A. § 2242 (West Supp. 1998), as a lesser included offense of aggravated sexual abuse by force. The district court declined to give the requested instruction. On appeal, Nasiruddin contends that the district court abused its discretion in failing to grant the lesser included offense instruction because sexual abuse involves the same operative offense, a non-consensual sexual act. Nasiruddin argues that because sexual abuse is a less egregious form of the operative criminal behavior, it should be a lesser included offense.

While this court has not specifically addressed the issue, an analysis of the statutes supports the district court's decision to decline to give the sexual abuse instruction.[1] Aggravated sexual abuse,

_____

[1] This court has addressed the differences between 18 U.S.C.A. § 2241 and 18 U.S.C.A. § 2242 in a different context. In United States v. Williams, 89 F.3d 165 (4th Cir. 1996), the defendant was charged with one count of aggravated sexual abuse and one count of sexual abuse. The

2

§ 2241(a), requires use of force or fear of kidnaping, serious bodily injury, or death. See 18 U.S.C.A. § 2241.[2] Sexual abuse does not require the same type of fear required for aggravated sexual abuse. Sexual abuse is committed when a person causes another to engage in a sexual act by threatening or placing that other person in fear, other than the type of fear specified in § 2241. See 18 U.S.C.A. § 2242.[3] These statutes define different types of fear. The fear involved in the sexual abuse statute is not the same as that required by the aggravated sexual abuse statute. Therefore, we find that sexual abuse is not a lesser included offense of aggravated sexual abuse. See, e.g., United States v. Hourihan, 66 F.3d 458, 465 (2d Cir. 1995), cert. denied, 516 U.S. 1135 (1996); United States v. Boyles, 57 F.3d 535, 544 (7th Cir.

_____

defendant argued that the Government should have been directed by the district court to elect between the two counts because they were contradictory. The court rejected the election argument and found that although the charges were not completely contradictory as a matter of law, under the facts presented at trial, there was insufficient evidence to submit the sexual abuse charge to the jury. The court recognized, however, that § 2241 and § 2242 were two separate and distinct crimes with separate elements. See Williams, 89 F.3d at 167-68. Because the court found that there was sufficient evidence to convict for the aggravated sexual abuse charge and insufficient evidence to support the sexual abuse charge, the court impliedly found that the elements of sexual abuse are not a subset of aggravated sexual abuse.

**2** Section 2241(a) defines aggravated sexual abuse by force or threat as:

> (a) By force or threat. Whoever . . . knowingly causes another person to engage in a sexual act--
>
> (1) by using force against that other person; or
>
> (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping . . . .

**3** Section 2242(1) defines sexual abuse as:

> Whoever . . . knowingly (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping) . . . .

3

1995); <u>United States v. Sneezer</u>, 983 F.2d 920, 923-24 (9th Cir. 1992); <u>United States v. Amos</u>, 952 F.2d 992, 994 (8th Cir. 1991).

Nasiruddin next argues that the district court erred in giving him a sentencing enhancement for perjury at trial. Nasiruddin argues that the district court's finding of perjury was based upon the fact that he testified on his own behalf, put forth a consent defense, and still was convicted. During the investigation, Nasiruddin told an FBI agent that he did not have sexual intercourse with the victim. At trial, Nasiruddin admitted that he did have sexual intercourse with the victim, but contended that it was consensual.

A two-level increase may be applied under Sentencing Guideline § 3C1.1, which applies "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense . . . ." U.S. Sentencing Guidelines Manual § 3C1.1 (1997). Perjury is conduct that warrants the enhancement. <u>See</u> U.S. Sentencing Guidelines Manual § 3C1.1 n.3. An enhancement for perjury is sufficient if the court's finding "`encompasses all of the factual predicates for a finding of perjury.'" <u>United States v. Castner</u>, 50 F.3d 1267, 1279 (4th Cir. 1995) (quoting <u>United States v. Dunnigan</u>, 507 U.S. 87, 94-95 (1993)). The court must find that a defendant "`gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" <u>Id.</u> The court found that "there was no doubt that the defendant provided false testimony." J.A. 344. It further found that Nasiruddin "testified that the victim consented to his sexual assault. Given his original story that he did not even have sexual relations with the victim, it was obvious that he was trying to perpetrate a fraud on the Court when he now takes a backup position that the sex between the two was consensual." <u>Id.</u> Therefore, the district court found that Nasiruddin's testimony was willfully false and involved material matters. These findings were sufficient as a matter of law, and were not clearly erroneous. <u>See Castner</u>, 50 F.3d at 1279.

Next, Nasiruddin argues that the district court violated denied his Fourteenth and Fifth Amendment due process rights and his Sixth Amendment right to confront witnesses against him when it refused his discovery request for the victim's medical and psychological

4

records and by limiting his cross-examination of the victim. The district court's refusal to order the Government to provide all requested pre-trial discovery materials is reviewed for abuse of discretion. See United States v. Fowler, 932 F.2d 306, 311 (4th Cir. 1991). The district court's decision, after in camera inspection, denying the defendant access to Giglio material[4] is reviewed for clear error. See United States v. Trevino, 89 F.3d 187, 193 (4th Cir. 1996). Limitations on the defendant's cross-examination of government witnesses are reviewed on appeal for an abuse of discretion. See United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994).

On appeal, Nasiruddin specifically assigns error to the denial of any discovery materials relating to the victim's competency and credibility, including medical and psychological records documenting the degree of the victim's mental disability. Nasiruddin argues that with this information, he could have addressed issues relating to the demonstration of any relevant perceptual, psychological, or mental health issues, such as past fabrications of similar claims. Nasiruddin also claims that he should have received the medical records concerning an alleged sterilization procedure undergone by the victim. He views the sterilization records as relevant to the extent that they would have served to impeach a physician's report from the night of the incident indicating that there was recent damage to the victim's hymenal ring.

At the hearing on the Defendant's motion for expanded discovery, the Government stated that it was not in possession of the victim's medical and psychological records and that it had no information that the victim had ever made any allegations of past sexual assaults. The Government volunteered to obtain the victim's medical records from her father and review them to determine if they constituted Brady[5] or Giglio material. After reviewing the medical records, the Government submitted two documents to the district court for in camera review to determine whether they constituted Brady or Giglio material, although in the Government's opinion, they did not. The defense

_____

[4] In Giglio v. United States, 405 U.S. 150 (1972), the Supreme Court held that when reliability of a witness may be determinative of guilt or innocence, non-disclosure of evidence that affects credibility is a denial of due process.
[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

5

agreed to the in camera review procedure. After reviewing the material, the court determined that the records were not appropriate for discovery.

In its motion requesting in camera review of the materials, the Government described the records and discussed why they did not constitute Brady or Giglio materials.**6** One of the documents was related to the alleged sterilization procedure. It appears that the disputed documents were neither material to constructing a defense nor favorable to Nasiruddin. In fact, the information appears to have been favorable to the Government and consistent with the facts proved at trial. We therefore find that the district court did not clearly err in refusing to allow Nasiruddin access to the materials.

Finally, Nasiruddin alleges that the trial court erroneously intervened and limited his attempt at a meaningful cross-examination of the victim. Nasiruddin identifies four times that the trial judge, sua sponte, interrupted the cross-examination. Nasiruddin states that because the victim was mentally disabled and her answers were unresponsive, disjointed, confused, and ambiguous, the district court should have provided him with great latitude and flexibility in conducting his cross-examination. Nasiruddin alleges that the district court's limitation of his cross-examination was a violation of his Sixth Amendment right to confront witnesses against him.

The trial court exercises control over the interrogation of witnesses so that truth is efficiently ascertained while protecting witnesses from harassment or undue embarrassment. See Fed. R. Evid. 611(a). After reviewing the trial transcript, we find that the district court did not err in its limitation of cross-examination of the victim. The court provided the defense a full opportunity to cross-examine and impeach the victim. A review of the interruptions by the trial court reveals that the

_____

**6** In its brief on appeal, the Government states that the two documents submitted to the district court for in camera review are included in the record. These documents were not included in the joint appendix, however. Because the Defendant was provided with a copy of the motion, and does not dispute the Government's characterization of the two documents, we rely upon the information provided in the Government's motion.

defense was instructed to ask a question one last time after asking the question several times and receiving confusing answers from the victim, to refrain from giving the witness a pep talk, to move along the cross-examination after a lengthy pause, and not to repeat the victim's responses. These admonitions did not limit or violate Nasiruddin's Sixth Amendment right to confront witnesses.

We therefore affirm the conviction and sentence. We grant Nasiruddin's motion to file a pro se supplemental brief and note that the lesser included offense issue raised in the pro se supplemental brief has been addressed above. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED