**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4763

SHAHBORN EMMANUEL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-97-288)

Submitted: October 20, 1999

Decided: November 10, 1999

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark P. Foster, Jr., Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shahborn Emmanuel appeals his conviction on one count of assault inflicting bodily injury on a protected government employee in violation of 18 U.S.C.A. §§ 111(a)(1), (b), & 1114 (West Supp. 1999). Emmanuel was charged with assaulting a detention officer for the Mecklenburg County Sheriff's Office. Emmanuel, a federal inmate, was in the custody of the County awaiting transfer to the United States Bureau of Prisons. The County and the United States Marshals Service contracted to permit the housing of federal inmates in the County jail. On appeal, Emmanuel contends that: (1) written statements he made several days after the assault were admitted in evidence in error because the probative value of the statements were substantially outweighed by unfair prejudice, see Fed. R. Evid. 403; (2) the evidence was insufficient to support the conviction; and (3) the court erred by giving the jury an Allen charge before there was evidence that the jury's deliberative process had reached a standstill.* Finding no reversible error, we affirm.

We review a district court's evidentiary decisions for abuse of discretion. A district court's decision will not be upset "except under the most extraordinary of circumstances, where that discretion has been plainly abused." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (internal quotations omitted). Such abuse occurs if the decision is "arbitrary and irrational." United States v. Williams, 89 F.3d 165, 167 (4th Cir. 1996) (court did not abuse its discretion in admitting defendant's handwritten statements). We find that the district court did not abuse its discretion by admitting Emmanuel's statements. The statements were relevant and there was no evidence of unfair prejudice.

We also find that the evidence was sufficient. We review challenges to the sufficiency of the evidence by viewing the evidence at trial in the light most favorable to the prosecution, including all reasonable inferences that can be drawn from the evidence. See Glasser

_____

*See Allen v. United States, 164 U.S. 492 (1896).

2

v. United States, 315 U.S. 60, 80 (1942); United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992). If substantial evidence exists to support the conviction, the verdict must be sustained. See id. Additionally, this court does not assess witness credibility on appeal. See United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992). There was substantial evidence showing that the victim, a detention officer, was assisting an employee of the United States Government. See § 1114; United States v. Murphy, 35 F.3d 143, 145, 147 (4th Cir. 1994).

Finally, we conclude that the district court did not abuse its discretion in giving the jury an Allen charge. See United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). Because the jury deliberated for about an hour-and-a-half after the charge was given, there was no evidence that the jury was coerced into reaching a decision because of the charge. See United States v. West, 877 F.2d 281, 291 (4th Cir. 1989) (finding no evidence of coercion where a jury deliberated for two hours before reaching a verdict after hearing the Allen charge where there were four defendants and multiple charges).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3