**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4791

GREGORY ROSE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-02-351-A)

Submitted: February 26, 2003

Decided: March 13, 2003

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas K. Plofchan, Jr., PLOFCHAN & ASSOCIATES, Sterling, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Edic D. Edmondson, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A magistrate judge found Gregory Rose guilty of reckless driving pursuant to 36 C.F.R. § 4.2 (2002) (assimilating Va. Code Ann. § 46.2-852 (2002)). The district court affirmed the magistrate judge's judgment. On appeal, Rose contends: (1) the magistrate judge did not have jurisdiction; (2) the prosecution improperly withheld exculpatory and impeachment evidence; (3) the magistrate judge denied him the right to confront witnesses against him; and (4) the magistrate judge abused his discretion in granting a fifty-six day continuance. Rose also contends the cumulative effect of the errors violated his right to due process and equal protection. Finding no error, we affirm.

First, Rose waived review with regard to any alleged error concerning the notice of violation that was unsigned and unverified. *See* Fed. R. Crim. P. 12(b)(2); *United States v. Williams*, 89 F.3d 165, 167 n.1 (4th Cir. 1996). Moreover, the regulation under which Rose was convicted had the force and effect of law. *See United States v. Fox*, 60 F.3d 181, 184 (4th Cir. 1995). Because Rose did not face a sentence longer than six months' imprisonment, the magistrate judge had jurisdiction to hear the case without a jury. *See* Fed. R. Crim. P. 58(b)(2)(E)(i); *Lewis v. United States*, 518 U.S. 322, 325-27 (1996).

Second, the Government did not improperly withhold any exculpatory or impeachment evidence. Nor did the Government fail to fulfill its obligation under *Jencks v. United States*, 353 U.S. 657, 667-72 (1957), and the Jencks Act, 18 U.S.C. § 3500 (2000).

Third, the magistrate judge did not abuse his discretion in admitting the tape recording of a telephone call and did not violate Rose's right to confront witnesses against him. *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995) (stating standard of review). Nor did the magistrate judge abuse his discretion in continuing the trial for approximately fifty-eight days. *United States v. Sampson*, 140 F.3d 585, 591 (4th Cir. 1998). Finally, given that the magistrate judge did not err, Rose's claim that the cumulative effect of the errors denied him his due process and equal protection rights is without merit.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*