**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

MARVIN JEROME FASTHORSE,
                    *Defendant-Appellant.*

No. 10-30093

D.C. No.
4:09-cr-00089-
SEH-1

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted January 12, 2011*
Seattle, Washington

Filed April 1, 2011

Before: Susan P. Graber, Raymond C. Fisher, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Marcia Hurd, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

Evangelo Arvanetes, Assistant Federal Defender, Great Falls, Montana, for the defendant-appellant.

## OPINION

M. SMITH, Circuit Judge:

A jury convicted defendant Marvin Jerome Fasthorse of sexual abuse in violation of 18 U.S.C. § 2242(2)(B). On appeal, he contends that there was insufficient evidence to support the conviction, and that his sentence was procedurally erroneous and substantively unreasonable. We disagree, and affirm the conviction and sentence.

## BACKGROUND

Sometime in the late evening of November 9, 2008, or the early morning of November 10, 2008, Fasthorse engaged in

sexual intercourse with the victim. At trial, the victim testified that she had been drinking and smoking marijuana throughout the day on November 9, and that she remembered waking up that night while Fasthorse was having sex with her. Fasthorse testified that she "wasn't asleep" and that she consented to having sex with him. Both the prosecution and defense presented witnesses addressing the two main witnesses' credibility and corroborating various aspects of their competing versions of events.

After deliberating for about three hours, the jury found Fasthorse guilty. The district judge imposed a within-Guidelines sentence of 130 months imprisonment.

## JURISDICTION AND STANDARD OF REVIEW

The district court exercised jurisdiction under 18 U.S.C. §§ 1153(a), 3231, and 3242, and we exercise jurisdiction under 28 U.S.C. § 1291. We review the sufficiency of the evidence de novo, *United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010), which requires us "to determine whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,' " *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We review the sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "It is an abuse of discretion for a district court to apply the Guidelines to the facts in a way that is 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.' " *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir.) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)), *cert. denied*, 131 S. Ct. 280, 131 S. Ct. 281, *and* 131 S. Ct. 488 (2010).

## DISCUSSION

### I. Conviction

Fasthorse was convicted of violating 18 U.S.C. § 2242(2)(B), which prohibits "knowingly . . . engag[ing] in a sexual act" with a person who is "physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." *See also id.* § 2246(2) (defining "sexual act"). Fasthorse contends that there was insufficient evidence from which a rational juror could conclude that the victim was "physically incapable of declining participation in, or communicating unwillingness to engage in, th[e] sexual act."

**[1]** We agree with the reasoning of the Eighth Circuit that "[a] reasonable jury may conclude that a person who is asleep when a sexual act begins is physically unable to decline participation in that act." *United States v. Wilcox*, 487 F.3d 1163, 1169 (8th Cir. 2007) (citing *United States v. Barrett*, 937 F.2d 1346, 1347-48 (8th Cir. 1991)). If the victim testifies that she woke up while the sexual act was ongoing, this "provide[s] sufficient evidence for the jury to conclude that penetration occurred while she was asleep." *Id.*; *see also United States v. Smith*, 606 F.3d 1270, 1281 (10th Cir. 2010) (holding that evidence was sufficient where, *inter alia*, the victim "woke up to find [the defendant] on top of her and engaged in sex"); *cf. United States v. Peters*, 277 F.3d 963, 967-68 (7th Cir. 2002) (holding that evidence was insufficient where the record was silent with respect to the hour-and-a-half period in which the sexual act occurred); *United States v. Williams*, 89 F.3d 165, 168 (4th Cir. 1996) (holding that evidence was insufficient where the victim testified that she was awake and "communicated her desire not to have sexual intercourse" with the defendant).

**[2]** Here, the jury heard unequivocal testimony that the victim remembered "waking up, because somebody was on

top of me. Inside of me." When asked whether "Marvin Fast[h]orse ha[d] his penis already inside" her when she "woke up," she answered "[y]es." The victim's drug use is not inconsistent with and does not discredit her testimony that she was asleep when the sexual intercourse began. *See Smith*, 606 F.3d at 1281 (noting that the victim "was heavily intoxicated before the assault"); *Barrett*, 937 F.2d at 1348 (noting that "[t]he victim testified that on the evening before the assault, she had drunk eight beers and smoked a marijuana cigarette," that "she went to sleep" around midnight, and "was very tired because of the hour and her previous day's activities"). The jury also heard from corroborating witnesses that the victim gave the same account of events shortly after the assault. Although Fasthorse testified that the victim "wasn't asleep" and consented to the sexual act, the jury rejected his version of events.

**[3]** The verdict was supported by the jury's "credibility assessments" and "reasonable inference[s]" drawn from the evidence, not "mere speculation." *Nevils*, 598 F.3d at 1167, 1170.[1] We reject Fasthorse's challenge to the sufficiency of the evidence.

## II.   Sentence

Fasthorse challenges the district court's imposition of a within-Guidelines 130-month sentence, arguing that the sentence was procedurally erroneous and substantively unreasonable.

**[4]** The district court satisfied the procedural requirements of 18 U.S.C. § 3553, as summarized in *Carty*, 520 F.3d at

---

[1]It is of course conceivable that following heavy drug use a person might consent to sex, pass out during the sex, then awake during the sex with no recollection of the consent and believe she must have been asleep when the sex began. That is not what Fasthorse claimed happened here, nor would the jury have been obligated to believe him if he had.

991-93. The court considered, *inter alia*, the presentence report, the relevant sentencing factors, and Fasthorse's arguments in favor of a lighter sentence. The court then explained its reasons for imposing a 130-month sentence. There was no procedural error.

**[5]** The sentence is substantively reasonable. The record supports the district court's conclusion that Fasthorse committed "a very serious crime," that the victim suffered "serious" harm, and that Fasthorse's "record," "attitude," and "the circumstances of this case," suggest that he "pose[s] a significant criminal danger to the community." The record further supports the district court's conclusion that there are "no mitigating factors of significance" warranting a lighter sentence. Because the facts underlying the sentence are supported by the record, the district court did not abuse its discretion. Although Fasthorse contends that he should have received a 108-month sentence rather than a 130-month sentence, "[w]e may not reverse just because we think a different sentence is appropriate." *Carty*, 520 F.3d at 993.

## CONCLUSION

Sufficient evidence supports the jury's guilty verdict, and the district court's sentence is reasonable. The conviction and sentence are

**AFFIRMED.**