**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30095 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00079-SEH-1 |
| v. | |
| EDWARD RONALD STAMPER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted February 6, 2013[**]
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Defendant-Appellant Edward Stamper appeals his jury conviction for sexual

abuse in violation of 18 U.S.C. § 2242(2)(B) and 18 U.S.C. § 1153(a) (offense

committed within Indian country). On appeal, Stamper contends that the district

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

court erroneously denied his motions for a judgment of acquittal because there was insufficient evidence to support a finding that the victim was "physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act" as required by statute. *See* 18 U.S.C. § 2242(2)(B).

We review *de novo* a district court's denial of a motion for judgment of acquittal, asking whether, in the light most favorable to the prosecution, the evidence presented at trial was adequate to allow any rational trier of fact to find a defendant guilty of the appealed element of the crime beyond a reasonable doubt. *United States v. Sutcliffe*, 505 F.3d 944, 959 (9th Cir. 2007); *see also United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Here, the government presented sufficient evidence to allow a rational jury to find that the victim was "physically incapable of declining participation in, or communicating unwillingness to engage in" the sexual act in question. *See* 18 U.S.C. § 2242(2)(B). In sexual assault cases, "a reasonable jury may conclude that a person who is asleep when a sexual act begins is physically unable to decline participation in that act." *United States v. Fasthorse*, 639 F.3d 1182, 1184 (9th Cir. 2011) (alteration omitted) (quoting *United States v. Wilcox*, 487 F.3d 1163, 1169 (8th Cir. 2007)). A victim's testimony that she woke up while the sexual act

2

was ongoing provides sufficient evidence of her lack of capacity even when she had been consuming drugs or alcohol. *Id.* at 1184–85 (finding sufficient evidence to uphold a conviction under 18 U.S.C. § 2242(2)(B) where a woman who had been drinking alcohol and smoking marijuana testified that she awoke while a defendant was having sex with her).

The victim testified that she "blacked out" in a downstairs living room at around 4 p.m. after drinking a shot of vodka. She awoke to find Stamper "on top of [her]" and his penis "inside of [her]." Three others present at the party where the victim was assaulted corroborated that the victim passed out from substantial consumption of alcohol and was not responsive. A forensic expert from the FBI testified at trial that the victim had an estimated blood alcohol level of between 0.18 to 0.25 gram percent at 10 p.m. on the night of the assault.

Stamper, however, relies on inconsistencies between the testimonies of various witnesses and evidence suggesting that the victim did not appear drunk several hours after the assault. But none of this evidence directly contradicts the victim's version of events, and it was within the jury's power to weigh inconsistencies in making credibility determinations. *See United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992) (noting that a jury makes credibility determinations); *see also United States v. H.B.*, 695 F.3d 931, 934, 937 (9th Cir.

3

2012) (affirming an adjudication as a juvenile delinquent, despite differing accounts of events, where the trial court's decision was supported by its credibility assessments). The jury chose to credit the victim's story rather than Stamper's.

Stamper further challenges the sufficiency of the evidence by contending that the victim made no "proactive" attempt to "notify[] police of a sexual assault." But we have noted that "[a] victim of sexual assault does not irredeemably compromise his or her credibility by failing to report [an] assault at the first opportunity." *Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004) (in the immigration context). A rational jury could have concluded that the victim did not initiate contact with the police about the assault because Stamper had already informed the victim's cousins that Stamper would be calling the police and, by the time the victim arrived at her relative's house following the assault, police officers had arrived there in response to Stamper's call. Sufficient evidence exists to uphold Stamper's conviction and the district court did not err in denying Stamper's motions for a judgment of acquittal.

**AFFIRMED.**