NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-10551 |
| | ) | |
| Plaintiff - Appellee, | ) | D.C. No. 2:11-cr-00110-RLH-VCF-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| DE RONG SHANG, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted July 8, 2014**
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

De Rong Shang appeals his convictions and sentence for conspiracy to

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

commit wire fraud,[1] wire fraud[2] and aiding and abetting.[3]  We affirm.

(1)     Shang first argues that the district court erred when it denied his motion to dismiss the indictment because of preindictment delay in violation of the Fifth Amendment.  See U.S. Const. amend. V; United States v. Valentine, 783 F.2d 1413, 1416 (9th Cir. 1986).  We do not agree.  In order to sustain this claim, Shang first had to prove "actual, non-speculative prejudice from the delay."  United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir. 1992); see also United States v. Wallace, 848 F.2d 1464, 1469–70 (9th Cir. 1988).  That is a heavy burden,[4] and Shang did not meet it.  The indictment was filed within the statute of limitations period,[5] and Shang has not made any non-speculative showing that his defense was "actually impaired meaningfully"[6] by the loss of a witness,[7] or the supposed dimming of

---

[1]18 U.S.C. § 1349.

[2]18 U.S.C. § 1343.

[3]18 U.S.C. § 2.

[4]See United States v. Moran, 759 F.2d 777, 782 (9th Cir. 1985).

[5]See United States v. Lovasco, 431 U.S. 783, 789, 97 S. Ct. 2044, 2048, 52 L. Ed. 2d 752 (1977); United States v. Doe, 149 F.3d 945, 948 (9th Cir. 1998).

[6]Moran, 759 F.2d at 782; see also Doe, 149 F.3d at 948.

[7]See United States v. Corona-Verbera, 509 F.3d 1105, 1112–13 (9th Cir. 2007).

2

witnesses' memories.[8]  Because he did not meet his burden of showing actual prejudice, we need not, and do not, consider the reasons for the delay.  See United States v. Martinez, 77 F.3d 332, 335 (9th Cir. 1996); see also Corona-Verbera, 509 F.3d at 1113 n.2.

(2)    Shang then asserts that the district court erred when it denied his motion to dismiss the indictment because of a denial of his right to a speedy trial in violation of the Sixth Amendment.  See U.S. Const. amend. VI; United States v. Gregory, 322 F.3d 1157, 1160–61 (9th Cir. 2003).  We disagree.  Because almost one year expired between the date of his indictment and the commencement of his trial, we apply a four-factor balancing test to his claim.  See Doggett v. United States, 505 U.S. 647, 651–52, 112 S. Ct. 2686, 2690–91, 120 L. Ed. 2d 520 (1992); Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972).  Particularly in a case of this complexity,[9] we cannot say that the delay was excessively long,[10] and while he did ultimately assert his speedy trial right, that was after he had stipulated to continuances.[11]  Moreover, much of the delay

---

[8]See id.

[9]See Barker, 407 U.S. at 531, 92 S. Ct. at 2192.

[10]See Gregory, 322 F.3d at 1162–63.

[11]See United States v. King, 483 F.3d 969, 976–77 (9th Cir. 2007); see also
(continued...)

3

occurred because the government had to file a superseding indictment after Shang successfully challenged the original indictment. Finally, Shang has not demonstrated any prejudice arising out of the delay — he was not in custody, he has not submitted evidence of any particular anxiety or concern, and he has failed to show impairment of his defense. See Barker, 407 U.S. at 532, 92 S. Ct. at 2193; Gregory, 322 F.3d at 1163–64. On balance, Shang's Sixth Amendment rights were not violated.

(3)     Lastly, Shang asserts that the district court procedurally erred when it sentenced him. See Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007); United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). It did not. He argues that the district court did not think that it could consider Shang's probable removal from this country or the effect of his family ties or responsibilities. However, the record does not show that the district court thought any such thing. Along with the other information before it, the district court carefully listened to and considered Shang's arguments, and then responded to them. United States v. Fasthorse, 639 F.3d 1182, 1185 (9th Cir. 2011); Carty, 520 F.3d at 991–93. It simply was not impressed with some of those arguments. In fact, the district court granted a substantial downward variance from

[11](...continued)
Corona-Verbera, 509 F.3d at 1116.

4

the calculated guideline range in sentencing Shang.  Cf. Carty, 520 F.3d at 994.

The district court did not abuse its discretion; the sentence was reasonable.  See

Gall, 552 U.S. at 46, 128 S. Ct. at 594.

   AFFIRMED.