**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30133 |
| Plaintiff - Appellee, | D.C. No. 1:04-cr-00180-BLW-4 |
| v. | |
| BRANDON GERALD FARRELL, AKA Brandon Gerald Farrell, Jr., AKA Gerald Lee Farrell, Jr., AKA Gerlad L. Farrell, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted July 6, 2015[**]
Seattle, Washington

Before: KLEINFELD, NGUYEN, and FRIEDLAND, Circuit Judges.

Defendant Brandon Gerald Farrell was convicted of interstate travel with a

minor with the intent to engage in criminal sexual activity and possession of child

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pornography. He appeals from the district court's imposition of 96 months of imprisonment to be followed by fifteen years of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not err when it concluded that Farrell's offense involved attempted criminal sexual abuse for the purposes of calculating the base offense level. See United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (standard of review). Farrell's actions while the minor was asleep or passed out after taking medicine and a vodka drink that he gave her, as well as his actions leading up to the night in a hotel room with one bed, were sufficient to constitute attempted criminal sexual abuse. 18 U.S.C. § 2242(2) (defining attempted criminal sexual abuse); see United States v. Fasthorse, 639 F.3d 1182, 1184–85 (9th Cir. 2011); United States v. Hadley, 918 F.2d 848, 853–54 (9th Cir. 1990).

The district court also did not err when it found that the foreign exchange student was a vulnerable victim and applied the two-point enhancement. See United States v. Johnson, 132 F.3d 1279, 1285–86 (9th Cir. 1997). Nor did it err in computing the total punishment for the two counts of which Farrell was convicted. U.S. Sentencing Guidelines Manual § 5G1.2 (2003). Having correctly

calculated the total punishment, the district court did not apply an above-Guidelines sentence on Count 3 of the indictment. See id.

Farrell argues that fifteen years of supervised release is substantively unreasonable and unconstitutionally disproportionate to his crime. Farrell has a prior sex offense involving sexual intercourse with a 15-year-old female. The district court did not abuse its discretion when it imposed Farrell's sentence. See Carty, 520 F.3d at 993 (standard of review). The district court found that "the public is very much in need of protection from the defendant" because of his "clearly calculated" offense and his history showing "an issue with young girls." His use of a cold pill and vodka on this young girl and then attempting to sexually abuse her after she fell asleep or passed out, combined with his history, amply shows the substantive reasonableness of the lengthy supervised release term, even if it imposes a burden on Farrell's visits with family members in Europe. See United States v. Cope, 527 F.3d 944, 952–53 (9th Cir. 2008); see also 18 U.S.C. § 3583(k) (authorizing supervised release for five years to life); U.S. Sentencing Guidelines Manual § 5D1.2(c) (2003) (recommending statutory maximum term of supervised release). His sentence is not unconstitutionally disproportionate to his crime. See United States v. Williams, 636 F.3d 1229, 1232–33 (9th Cir. 2011).

**AFFIRMED.**