NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 12 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50042 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-0597-LAB |
| v. | |
| PEDRO JAVIER ORELLANA, | MEMORANDUM* |
| Defendant-Appellant | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted October 2, 2017
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges, and SETTLE,** District Judge.

Defendant-Appellant appeals from his conviction for sexual abuse of an incapacitated person under 18 U.S.C. § 2242(2)(A) and his sentence of 60 months of imprisonment followed by ten years of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

1. At trial, Lt. Carrie Bratton, a registered nurse, testified to statements made by the complaining witness Leticia Alves during a sexual assault nurse's examination. Even if these statements were testimonial, Alves testified to the same facts and was cross-examined. Lt. Bratton's testimony therefore did not violate Orellana's Confrontation Clause rights. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). For the same reason, any error in admitting the hearsay testimony was harmless. *See United States v. Freeman*, 498 F.3d 893, 905–06 (9th Cir. 2007); *Guam v. Ignacio*, 10 F.3d 608, 614 (9th Cir. 1993).

2. As Alves left the courtroom after testifying, she began crying loudly in the hallway. She was taken into the bathroom, where she banged on the floor loudly enough for several jurors to hear. The district court questioned some of the jurors who witnessed the outburst and the jury as a whole and instructed them to ignore the interruption. No jurors indicated that they would be unable to decide the case on the evidence alone. Given our presumption that juries understand and follow the instructions they are given, *see United States v. Escalante*, 637 F.2d 1197, 1201–02 (9th Cir. 1980), the district court did not abuse its discretion in denying a mistrial. *See also Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

3. The evidence was sufficient for a rational fact-finder to conclude beyond a reasonable doubt that the complaining witness was incapable of appraising the nature of the sexual act. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th

Cir. 2010) (en banc). The jury was entitled to credit Alves's testimony that she became conscious after Orellana had already penetrated her. *See United States v. Fasthorse*, 639 F.3d 1182, 1184 (9th Cir. 2011).

4. At trial, recorded excerpts of two interviews of Orellana by government agents were played for the jury and admitted into evidence subject to a limiting instruction. When the jury requested the videos during deliberations, the court decided over defense counsel's objection to allow the jury to view the videos unsupervised in the jury room. "The decision to send properly admitted exhibits to the jury room during deliberations is within the discretion of the trial court." *United States v. Chadwell*, 798 F.3d 910, 914 (9th Cir. 2015). We cannot say that the district court abused its discretion here.

5. The district court held that Sentencing Guideline § 2A3.1 applied to Orellana, but it also calculated the sentencing range under § 2A3.4. Under either analysis, it concluded that an outside-Guidelines sentence of 60 months was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). The court did not err because it used the sentencing range as a beginning point and explained its decision to deviate therefrom. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

**AFFIRMED.**

3