**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

LAWRENCE EUGENE SHAW,
*Defendant-Appellant.*

No. 13-50136

D.C. No.
2:12-cr-00862-JFW-1

OPINION

On Remand from the United States Supreme Court

Filed March 27, 2018

Before: Mary M. Schroeder, Jacqueline H. Nguyen,
and Andrew D. Hurwitz*, Circuit Judges.

Opinion by Judge Mary M. Schroeder

---

\* This case was submitted to a panel that included Judge Pregerson, who recently passed away. Following the passing of Judge Pregerson, Judge Hurwitz was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Hurwitz has read the briefs and reviewed the record.

## SUMMARY[**]

### Criminal Law

On remand from the Supreme Court, the panel affirmed a conviction for bank fraud.

The panel held that the defendant did not fairly present to this court, or to the district court, his challenge to the disjunctive form of the district court's jury instruction that a "scheme to defraud" within the meaning of 18 U.S.C. § 1344(1) means a defendant must intend to "deceive, cheat *or* deprive" the bank of something of value. The panel held that even if the defendant had preserved the objection, any error was harmless.

### COUNSEL

James H. Locklin, Deputy Federal Public Defender; Hilary L. Potashner, Federal Public Defender; Federal Public Defender's Office, Los Angeles, California; for Defendant-Appellant.

Elana Shavit Artson, Assistant United States Attorney; Tracy L. Wilkison, Executive Assistant United States Attorney; Lawrence S. Middleton, Chief, Criminal Division; Sandra R. Brown, United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

SCHROEDER, Circuit Judge:

This case, involving a conviction for bank fraud in violation of 18 U.S.C. § 1344(1), is before us on remand from the Supreme Court. *See Shaw v. United States*, 137 S. Ct. 462 (2016). Shaw had created a scheme to siphon off the funds in the account of a bank depositor, Stanley Hsu, through the use of an online payment and money transfer service, PayPal. The losses were eventually borne by Hsu and PayPal, not the bank, prompting Shaw to argue that he had not defrauded the bank within the meaning of the statute. *See id.* at 466.

We affirmed the conviction, and the Supreme Court agreed that a fraudulent scheme to obtain money in a depositor's account violates the statute. The Court also rejected the defendant's theory that the government must show that the bank itself suffered a financial loss or that the defendant intended the bank to suffer a financial loss. *See id.* at 466–68. We had reached the same conclusion. *See United States v. Shaw*, 781 F.3d 1130, 1135–36 (9th Cir. 2015).

The Supreme Court remanded the case, however, on an issue we had not considered. In the Supreme Court, Shaw challenged the disjunctive form of the district court's instruction to the jury that a "scheme to defraud" within the meaning of the statute means a defendant must intend to "deceive, cheat *or* deprive" the bank of something of value. *Shaw*, 137 S. Ct. at 469. The parties agreed in the Supreme Court that a conviction under subsection (1) requires both a scheme "to deceive the bank *and* deprive it of something of value." *Id.* Shaw argued in the Supreme Court that because the instruction was in the disjunctive, the jury was allowed to

convict if it found the defendant intended only to deceive the bank and not to deprive it of something of value. *Id.* The Court remanded to us to consider whether this argument was fairly presented below, "and, if so, whether the instruction is lawful, and, if not, whether any error was harmless in this case." *Id.* at 470.

We called for supplemental briefs. Not surprisingly, Shaw contends he preserved such an instructional error argument in the district court and to us, and the government maintains he did not.

We have carefully reviewed the record. It shows that Shaw did object to the instruction given by the district court. But the objection was not on the ground he urged in the Supreme Court—that the instruction allowed the jury to convict if it found only an intent to deceive the bank without regard to an intent to deprive it of something of value. Rather, Shaw argued in the district court and on appeal to us that the instruction erroneously allowed the jury to convict for stealing Hsu's money, not the bank's. This was consistent with the position Shaw advanced all the way to the Supreme Court—that the government had to prove an intent to cheat the bank and not the depositor. As the Supreme Court has now clarified, an intent to obtain money from a depositor's bank account is sufficient to constitute bank fraud under 18 U.S.C. § 1344(1). It is not necessary to show an intent to cause the bank itself a financial loss. *See id.* at 467.

Accordingly we conclude that the argument the Supreme Court identified for consideration on remand was not fairly presented to us or to the district court. Shaw's argument was one of statutory interpretation that was creative and consistent with the record: that he did not violate the bank fraud statute

because he was after Hsu's money. He did not object to the instruction on the ground it was in the disjunctive.

Moreover, even if Shaw had preserved the objection to the instruction, any error was harmless. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197 (9th Cir. 2000) (en banc) (holding that an instructional error is harmless if "it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'") (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)). The evidence was overwhelming that Shaw deceived the bank in order to obtain money from Hsu's bank account, and that he transferred the money from Hsu's account into accounts Shaw controlled. There was thus no reasonable possibility the jury could have convicted him on the basis of a deception alone, without the intent to obtain anything of value. Any error in the instruction was therefore harmless. Shaw would have been convicted whether the instruction was in the disjunctive or conjunctive.

The judgment of conviction is again **AFFIRMED**.