**NOT FOR PUBLICATION**

FILED

AUG 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10407 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00192-GEB-1 |
| v. | |
| DONALD J. PEEL, aka Donald Billson, et al., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted August 16, 2018
San Francisco, California

Before: SCHROEDER, SILER,** and GRABER, Circuit Judges.

A jury convicted Defendant Donald J. Peel of transporting a minor with the

intent to engage in prohibited sexual activity, in violation of 18 U.S.C. § 2423(a).

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

The district court sentenced Defendant to 210 months' imprisonment and 240 months of supervised release. We affirm.

1. The government offered sufficient evidence for a reasonable juror to conclude that Defendant's intent in traveling from Oregon to California with the minor, L.P., was to cause her to engage in criminal sexual relations in California. See United States v. Fasthorse, 639 F.3d 1182, 1183–84 (9th Cir. 2011) (stating the de novo standard of review). In the weeks preceding the trip into California, Defendant traveled with L.P. to several states, where he had sex with her almost every day. He also talked with his girlfriend about grooming L.P. for prostitution.

2. The district court did not plainly err in finding that there was no constructive amendment or variance related to the indictment. See United States v. Olano, 507 U.S. 725, 731 (1993) (stating the plain error standard of review when a party fails to object); United States v. Ward, 747 F.3d 1184, 1189 (9th Cir. 2014) (defining constructive amendment and variance). The government did not focus its arguments improperly on Defendant's prior trips with L.P. through Arizona, California, Oregon, and Washington. Instead, at trial the government focused only on Defendant's trip into California on or about March 18, 2014. Any arguments that the government made regarding Defendant's intent to groom L.P. for

prostitution supported the charge that he intended to engage in prohibited sexual activity.

3. The district court did not plainly err by not instructing the jury that (a) the government had to prove that Defendant knew that L.P. was under 18 years old and (b) he knew that the conduct that he intended to engage in with L.P. was a criminal offense. See Olano, 507 U.S. at 731 (stating the plain error standard of review when a party fails to object). Knowledge of the victim's age is not a required element under § 2423(a). United States v. Brooks, 610 F.3d 1186, 1195 (9th Cir. 2010). Nor was the government required to prove that Defendant knew that it was a crime in California for him to have sex with a 16-year-old girl, because ignorance of the law does not excuse criminal conduct. Lambert v. California, 355 U.S. 225, 228 (1957).

4. The district court did not abuse its discretion by failing to instruct the jury that, under California law, Defendant could not be convicted if he reasonably believed that L.P. was at least 18 years old. See United States v. Knapp, 120 F.3d 928, 930 (9th Cir. 1997) (stating the abuse of discretion standard of review). Because that rule is merely an affirmative defense under California law, rather than an element of the federal crime, there was no error. Brooks, 610 F.3d at 1195. And, even if the district court had erred, any error would have been harmless

because both Defendant's girlfriend and L.P.'s sister told Defendant that L.P. was 16 years old.  See United States v. Shaw, 885 F.3d 1217, 1219 (9th Cir. 2018) (holding that instructional error is harmless if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty despite the error).

5.  The district court did not plainly err in addressing Defendant's motion that referred to Faretta v. California, 422 U.S. 806 (1975).  See Olano, 507 U.S. at 731 (stating the plain error standard of review when a party fails to object). Defendant told the court several times that he did not want to represent himself, and the district court correctly denied Defendant's Faretta request.

6.  The district court did not abuse its discretion by applying a sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  The testimony of Defendant's girlfriend established many facts important to the outcome of the case, such as Defendant's sexual interest in L.P. and his desire to groom her for prostitution.  To hide that information, Defendant tried to convince the girlfriend to marry him so that she would not testify against him.  He also tried to intimidate her by telling her that her own criminal convictions would be used against her at trial. That behavior amounts to obstruction of justice, and the district court's use of the enhancement was proper.  See United States v. Flores, 802 F.3d 1028, 1048 (9th Cir. 2015) (stating standard for § 3C1.1 enhancement).

4

7. We decline to consider Defendant's claim of ineffective assistance of counsel on direct review. This case is not the rare one in which the record is sufficiently developed to permit determination of the issue or in which the legal representation was obviously inadequate. United States v. Rahman, 642 F.3d 1257, 1259–60 (9th Cir. 2011).

**AFFIRMED.**